UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF DOROTHY PRINCE
and PATRICIA BURGESS, as
TRUSTEE OF THE PRINCE FAMILY
TRUST,

      Plaintiff,

v.                                                 Case No.  8:08-cv-468-T-24-TGW

AETNA LIFE INSURANCE COMPANY,
BP COMPANY CORPORATION NORTH
AMERICA, INC., and BP CONSOLIDATED
WELFARE BENEFIT PLAN,

      Defendants.
_____/

**ORDER**

      This cause comes before the Court on two Motions to Dismiss, the first filed jointly by Defendants BP Corporation North America, Inc. and BP Consolidated Welfare Benefit Plan (together, "BP") (Doc. No. 15), and the second by Defendant Aetna Life Insurance Company ("Aetna") (Doc. No. 16).  Plaintiffs filed Responses in opposition to Defendants' Motions (Doc. Nos. 18, 19), to which Defendants filed a joint Reply (Doc. No. 24).

**INTRODUCTION**

      Plaintiff Estate of Dorothy Prince ("Estate") and Plaintiff Patricia Burgess ("Burgess"), as Trustee of the Prince Family Trust ("Trust"), filed suit under the Employee Retirement Income Security Act ("ERISA") against Defendants BP and Aetna regarding the employee-

health-benefit plan of BP ("Plan"). Plaintiffs seek (1) monetary statutory penalties under the Debt Collection Improvement Act ("DCIA"), an amendment to ERISA, for failure of Defendants to provide requested Plan documents and (2) payment for the cost of medical services required by decedent Dorothy Prince prior to her death, pursuant to § 1132 (a)(1)(B) of ERISA. (Compl., p. 1.) Defendants move to dismiss Count I (the DCIA claim), arguing that Plaintiffs were neither participants nor beneficiaries of the Plan and therefore lack standing to seek monetary penalties under the DCIA. (Doc. No. 15, p. 3; Doc. No. 16, p. 3.) Defendants move to dismiss Count II as to Plaintiff Burgess, claiming that she lacks the requisite standing to sue under § 1132(a)(1)(B). (Doc. No. 15, p. 11; Doc. No. 16, p. 7.) In response, Plaintiffs argue that standing is proper with respect to Count I, because Plaintiffs have derivative standing to sue on behalf of decedent Prince. (Doc. 18, p. 2; Doc. 19, p. 2.) Plaintiffs argue that as to Count II, Plaintiff Burgess has derivative standing to bring the present suit, because she sues on behalf of the Estate and Trust and not in her individual capacity. (Doc. 18, p. 5; Doc. 19, p. 4.)

## STANDARD OF REVIEW

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8 (a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct.

1955, 1964 (2007) (citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Id.</u> at 1965 (citation omitted).  While the court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level."  <u>Id.</u>  (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See <u>Jackam v. Hospital Corp. of Am. Mideast, Ltd.</u>, 800 F.2d 1577,1579 (11th Cir. 1986).

## BACKGROUND

Dorothy Prince was a BP employee enrolled in the BP employee-insurance plan.  (Compl., p. 1.)  Prior to her death, she received medical services that Plaintiffs allege were "skilled nursing" services, which are covered under the Plan.  However, the Plan did not pay for those services. (<u>Id.</u> at 5.)  When Ms. Prince died, the Estate and Trust assumed her rights and obligations and sought to gain reimbursement for the services rendered to decedent Prince.  (<u>Id.</u> at 2.)

Plaintiff Burgess, in her capacity as personal representative of the Estate and as Trustee, requested that Defendants Aetna and BP provide her with a copy of all Plan documents and written claim determinations regarding Ms. Prince's medical bills.  (Pl.'s Ex. A.)  Neither Defendant BP nor Defendant Aetna produced any of the documents Plaintiff Burgess requested.

(Compl., p. 3.) Plaintiffs do not allege that decedent Prince made such a request to prior to her death. (See Compl.)

Over the next year, Defendants BP and Aetna refused to comply with two more attempts by Plaintiff Burgess to obtain Plan documents. (Id. at 2–3.) Plaintiffs allege that Defendants wrongfully denied Plaintiffs both the information they requested and payment for the medical expenses that decedent. Prince incurred. (Compl., p. 5.) Accordingly, they ask for monetary penalties to be assessed to Defendants for their failure to comply with Plaintiffs' requests and for payment of the nursing costs incurred by decedent Prince.

## DISCUSSION

### A. Per Diem Penalty for Failure to Furnish Plan Documents

The DCIA authorizes courts to assess per diem monetary penalties against an employee-plan administrator "who fails or refuses to comply with a request for information which such administrator is required by this subchapter to supply to a participant or beneficiary." 29 U.S.C. § 1132(c)(1)(B) (emphasis added). Therefore, to have standing under the DCIA, the plaintiff must be a participant or beneficiary at the time the information is requested. Neuma, Inc. v. AMP, Inc., 259 F.3d 864, 878 (7th Cir. 2001). The plaintiff must also be a participant or beneficiary at the time the action is commenced. Morrison v. Marsh & McLennan Co., Inc., 439 F.3d 295, 304 (6th Cir. 2006).

A "participant" is any employee or former employee who is eligible to receive benefits under the plan. 29 U.S.C. § 1002(7). A "beneficiary" is a person designated by a participant, or

by the terms of an employee-benefit plan, who is or may become entitled to a benefit thereunder. 29 U.S.C. § 1002(8).

A successor in interest cannot derive standing from a participant or beneficiary under the DCIA. Morrison, 439 F.3d at 303–04 (holding that a former employee's widow seeking relief under 1132(c) lacked standing to bring the action because she did not qualify as a participant or beneficiary); Russo v. Abington Mem'l Hosp. Healthcare Plan, 1997 WL 379165, at *6 (E.D. Pa. June 30, 1997) (holding that a deceased participant's estate that sought per diem penalties under the DCIA for a plan administrator's failure to provide requested information lacked standing because the participant died before the request was made), vacated on other grounds, Russo v. Abington Mem'l Hosp. Healthcare Plan, 1998 WL 195871 (E.D. Pa. Mar. 31, 1998). The exception to this rule occurs only when the deceased participant or beneficiary made the request himself, prior to his death. See Halbach v. Great-W. Life & Annuity, 522 F. Supp.2d 1154, 1172 (E.D. Mo. 2007) (allowing a claim for monetary penalties to proceed despite the fact that the participant was deceased, because the participant had personally requested the documents over more than one month prior to his death).

In the present case, only Ms. Prince who was a BP employee was entitled to request Plan information, the denial of which would result in monetary penalties under the DCIA. Neither the Estate nor the Trust qualifies as a participant or beneficiary entitled to seek the information requested, or accordingly, the associated relief for non-compliance with such a request. Unlike in Halbach, decedent Prince never requested the relevant information prior to her death. Accordingly, Halbach is not applicable to the present situation.

Because derivative standing to sue for penalties under the DCIA is not available under these circumstances, Defendants' Motion to Dismiss Count I for failure to state a claim is GRANTED.

### B.   Payment of Plan Benefits

Section 1132(a)(1)(B) of ERISA authorizes suit to recover unpaid employee-plan benefits.  As with the DCIA, the language of § 1132(a)(1)(B) of ERISA grants standing to participants and beneficiaries of employee-benefit plans.  However, unlike the DCIA—§ 1132(c)—there are two models for standing under § 1132(a): independent and derivative standing. James v. La. Laborers Health and Welfare Fund, 766 F. Supp. 530, 532 (E.D. La. 1991).  A plaintiff has "independent standing" if he is a participant or beneficiary of the plan. Id. In addition, successors in interest to participants or beneficiaries may also sustain an action under § 1132(a)(1)(B), via derivative standing.  See id. at 532–34 (stating that "one who lacks the narrow status of participant or beneficiary may nevertheless sue derivatively on behalf of a participant or beneficiary" and holding that the personal representative of a decedent has derivative standing to sue under ERISA for benefits under the decedent's employee-benefit plan, because "he steps into the shoes of the decedent").  Under this principle, a deceased-participant's estate qualifies for derivative standing to seek relief under § 1132(a)(1)(B). See id. at 533; Estate of Hirsch v. Nat. Mall & Svc., Inc., 982–83 (N.D. Ill. 1997).   Like an estate, a trustee of a trust of a deceased-plan-member's estate "seeks only to enforce the beneficiary's rights to pre-death accrued health benefits" and is therefore similarly granted derivative standing to file suit under § 1132(a).  Cottle v. Metropolitan Life Ins. Co., 1993 WL 8201, at *2 (N.D. Ill. Jan. 13,

1993) (allowing the trustee of a decedent's trust to sue for payment of medical benefits due the decedent under ERISA).

While Defendants do not dispute the concept of derivative standing for successors in interest under § 1132(a), they argue that Plaintiff Burgess does not have derivative standing because she fails to allege the existence of a trust document creating the Trust and naming her as Trustee, or to allege that the Trust has any legal interest in the benefits at issue. (Doc. No. 15, p. 6; Doc. No. 16, p. 10.) However, the Complaint makes clear, and Plaintiff's Responses in opposition to the Motions to Dismiss reinforce, that Plaintiff Burgess is suing on behalf of the Estate and "as Trustee of the Prince Family Trust." (Compl., pp. 1–2; Doc. No. 18, p. 5; Doc. No. 19, p. 4.) The Complaint further alleges that the Estate and Trust are the successors in interest to decedent Prince (Compl., pp. 2, 4) and that the Estate and Trust have satisfied all the conditions to be eligible to receive the benefits due to decedent under the Plan. (Compl., p. 5.)

The Court finds that the above-listed allegations are sufficient, when viewed in the light most favorable to Plaintiff Burgess, to state a claim that Plaintiff Burgess validly represents decedent Prince's Estate and Trust, which are rightful successors in interest to decedent Prince's benefits under Defendants' Plan. To survive a motion to dismiss, Plaintiff Burgess is required only to allege sufficient facts to give Defendants fair notice of her claim, not to prove the merits thereof.

Because courts acknowledge derivative standing to bring suit under § 1132(a)(1)(B) for successors in interest, such as the estates and trusts of plan participants, and because Plaintiff Burgess has sufficiently plead that she brings this claim on behalf of decedent Prince's Estate and Trust, rather than in her individual capacity, Defendants' Motion to Dismiss Count II as to

Plaintiff Burgess is DENIED.

## CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motions to Dismiss (Doc. No. 15; Doc. No. 16) as to Count I is **GRANTED,** and the Motion as to Plaintiff Burgess' claim under Count II is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of September, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties & Counsel of Record

8