# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ESTATE OF DOROTHY PRINCE and PATRICIA
BURGESS, as Trustee of the Prince Family Trust,

    Plaintiffs,

-vs-                                                  Case No. 8:08-cv-468-T-24-TGW

AETNA LIFE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiffs' and Defendant's cross-motions for summary judgment. (Docs. 40, 38.) Each party has filed a response in opposition to the opposing party's motion. (Docs. 46, 44.) Defendant has also filed a reply to Plaintiff's opposing response. (Doc. 49.) In addition, Plaintiffs, the Estate of Dorothy Prince ("Estate") and Trustee of the Prince Family Trust ("Trustee"), have moved to have Patricia Burgess replaced by Louise Mandry as Trustee of the Prince Family Trust, pursuant to an order by the Circuit Court for Pinellas County that replaced Ms. Burgess with Ms. Mandry as Trustee. (Doc. 45.) Defendant opposes this motion as well. (Doc. 50.)

## BACKGROUND

Prior to her death, Dorothy Prince was a member of Defendant's health benefit plan ("Plan"). The Plan reimbursed certain health expenses, including "Skilled Home Private Duty Nursing Care." The Plan paid the cost of such care if, among other things, the member required skilled nursing care, the care was necessary rather than for the convenience of the family care-

giver, and the care was recommended by the member's physician. The costs would not be reimbursed if the necessary care was considered, by generally accepted medical standards, to be custodial in nature. In other words, to qualify for a Plan benefit, the services provided must have been medical, rather than those merely associated with hygiene and routine activities that could be performed by a non-medically trained skilled caretaker. (Doc. 38, p. 9.)

Ms. Prince had in-home nursing care prior to her death. Initially, Defendant reimbursed Ms. Prince for the cost of the in-home nursing care. Later, Defendant's reimbursement for the care became inconsistent, and finally stopped all together. Defendant claimed that this was because the care was custodial and, therefore, not covered under the Plan. After Ms. Prince's death, her estate was responsible for paying the costs of the nursing care. Ms. Prince's estate was unable to cover the costs, and thus Ms. Prince's Trust was liable for the remainder of the expense.

Patricia Burgess brought this case as the representative of the Estate and Trustee of the Trust. Plaintiffs, the Estate and Trustee, seek compensation for the skilled nursing costs accrued by Dorothy Prince prior to her death. Plaintiffs allege that Defendant, as administrator of Ms. Prince's employee benefit plan, wrongfully refused to pay for the skilled home nursing care Ms. Prince received prior to her death. Defendant argues first that the case should be dismissed for lack of standing, and next, that Defendant had discretion to deny payment for the skilled nursing care received by Ms. Prince, because it was custodial in nature, and therefore not covered under the Plan.

**DISCUSSION**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Id. When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Id.*

I. STANDING

To survive a motion for summary judgment, a plaintiff must demonstrate a triable issue of fact as to standing, just as it must as to all other elements of its case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62, 112 S.Ct. 2130 (1992).

A. The Estate

Florida law defines the "personal representative" of an estate as the "fiduciary appointed by the court to administer the estate." Fla. Stat. § 731.201(27). If a person who is later appointed as an estate's personal representative files suit prior to being appointed, she may have standing pursuant to Florida Statutes § 733.601, which allows the powers of the personal representative to relate back to the time preceding her court appointment. *Univ. of Miami v. Wilson*, 948 So. 2d 774, 777–81 (Fla. DCA 3d 2006). However, there must be an appointment

3

for the relation-back to occur.

Defendant claims that Patricia Burgess does not have standing to bring claims on behalf of the Estate, because she has never been appointed as its personal representative. Ms. Burgess has executed an affidavit avowing that she is acting as the Estate's representative. Ms. Prince's Will names Ms. Burgess, Ms. Prince's daughter, as an alternate representative of the Estate should the primary representative be unable to fulfill that duty. However, there is no evidence, or even claim, in the record that Ms. Burgess has been appointed by any court as representative of the Estate, either prior to of after the commencement of this litigation. Further, there is no evidence offered suggesting that C. Azell Prince, Jr., the person named in Ms. Prince's Will as the primary personal representative of the Estate (Doc. 46-2, p. 1.), has been unable to perform that duty. Nor is it the case that a court must always appoint one named in a decedent's Will as the personal representative of her Estate to such a position. *Schleider v. Estate of Schleider*, 770 So. 2d 1252, 1253–54. Because there is insufficient evidence to present a triable fact that Ms. Burgess is the duly appointed representative of the Estate, the Court grants summary judgment for Defendant as to the claims raised by the Estate, finding that Ms. Burgess lacks standing to bring suit on the Estate's behalf.

B. <u>Trustee</u>

Florida law acknowledges the liability of a decedent's Trust for the expenses of her estate where any portion of that trust is revocable at the time of a decedent's death. Fla. Stat. § 733.607(2). Plaintiff Trustee has entered evidence in the form of Ms. Prince's Will and an affidavit by Ms. Burgess, that the Trust assumed the nursing care costs after the Estate was

4

unable to satisfy the debt.

Under Federal Rule of Civil Procedure 25, parties may be substituted pursuant to a transfer of interest. Accordingly, when a new trustee is appointed, she may be substituted as a party, replacing the previous trustee.

Defendant claims that Ms. Burgess does not have standing to sue as Trustee, because of a Pinellas County Circuit Court order removing her and instating Louise Mandry as Trustee. *In re Prince Family Trust*, Case No. 07-004744-ES-003. It is on this basis that Plaintiffs seek to substitute Ms. Mandry as Trustee in this case. Defendant opposes this substitution and instead asks for a dismissal on standing grounds, which would thereby require Ms. Mandry to bring the case anew. The Court sees no need for the waste of judicial resources or costs to the parties inherent in such a proposal. Ms. Burgess has been succeeded by Ms. Mandry as Trustee and, based on the transfer of interest and Plaintiffs' request, should be substituted as Plaintiff to this case. The Court finds that this results in no prejudice to Defendant, and therefore grants the motion for substitution. (Doc. 45.)

II. THE MERITS

The Court now analyzes the merits of Plaintiff Trustee's case. The Court reviews the denial of Plan benefits under ERISA by 1) determining *de novo* whether the denial of benefits was wrong under the Plan; and 2) if the denial was wrong, and if the Plan administrator had discretion over determining benefits, deciding whether the improper denial was arbitrary and capricious. *Glazer v. Reliance Std. Life Ins., Co.*, 524 F.3d 1241, 1246–47 (11th Cir. 2008). Where the Plan administrator was the decision-maker as to payment of benefits, as well as the

5

payor of benefits, that conflict of interest should be considered in reviewing the reasonableness of the denial. *Doyle v. Liberty Life Assur. Co. Of Boston*, 542 F.3d 1352, 1359–60 (11th Cir. 2008).

    A.  <u>The Decision to Deny Payment</u>

Ms. Prince suffered from Alzheimer's, diabetes, bipolar disorder, leg fractures, spine and trunk injuries, hypertension, and blindness. The needs of Ms. Prince are undisputed. She required an aide to, among other tasks:

- Provide sustenance through a feeding tube;
- Check and maintain her blood sugar;
- Monitor her urinary status, using catheters;
- Monitor her bowel movements, eye health, and pacemaker status;
- Assess her pain, as she could not always assess and notify others as to her own pain; and
- Administer medications;

The dispute lies in deciding whether these services required skilled nursing care or whether they could be performed by someone other than a medical professional. If the former, Defendant's decision to deny Ms. Prince's benefits was wrong, if the latter, the decision was right. Both parties have presented strong evidence supporting their sides of the debate as to whether the care required by Ms. Burgess prior to her death was medical or custodial in nature.

Doctors and nurses who had treated Ms. Prince expressly opined that skilled nursing care was required to meet Ms. Prince's needs. However, doctors asked to review Ms. Prince's claims by Defendant asserted that Ms. Prince's needs could be met with non-medically-skilled caretakers. As Defendant's own policy dictates that the nature of the care is classified according to generally accepted medical standards, where medical professionals can disagree as to the nature of the care required by Ms. Prince, so can reasonable jurors. Thus, there is a triable issue

6

of fact as to whether Defendant's decision to deny payment of Ms. Prince's claims was wrong.

B. <u>Reasonableness of the Decision to Deny Payment</u>

While the evidence presented to the Court leaves room for a reasonable dispute as to whether Defendant's decision was wrong, it is still possible that Defendant's decision to deny benefits was arbitrary and capricious. To be arbitrary and capricious, the decision must have been unreasonable based on the facts known to the administrator. *Glazer*, 542 F.3d at 1246. The change in a plan administrator's classification of care from covered-medical care to non-covered custodial care, without explanation for the change, can be grounds sufficient to create a genuine issue of material fact as to whether the denial of a benefit was arbitrary and capricious. *See*, *e.g.*, *Hansen v. Aetna Health and Life Ins. Co.*, 1999 WL 1074078 at *7 (D. Or., Nov. 4, 1999).

Plaintiffs have presented evidence that while the skilled nursing care provided to Ms. Prince never varied in nature, but only became more medically necessary with time due to her deteriorating condition, Defendant sometimes paid for the care and sometimes denied payment. Initially, Defendant paid Ms. Prince's claims. Later, Defendant alternatively paid and denied payments in random succession. Finally, Defendant stopped payment altogether. No evidence as to the reason for the choice to sometimes pay and sometimes withhold benefit payments was offered.

Further, it seems that Defendant itself selected the doctors to review Plaintiff's appeal from denial of benefits, had the power to decide whether benefits should be paid, and paid those benefits from its own funds, creating a conflict of interest that can be considered by this Court

under *Doyle*. This, along with Defendant's inconsistent payment for the nursing care with no explanation as to the variance, makes Defendant's denial of benefits seem arbitrary and capricious. However, this is only legally significant if the denial of benefits was wrong. As previously stated, there is a triable issue of fact as to whether the denial of benefits was wrong, and thus this case cannot be decided by summary judgment.

**CONCLUSION**

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to replace Patricia Burgess with Louise Mandry as Trustee for the Prince Family Trust (Doc. 45) is GRANTED;

2. Defendant's motion for summary judgment as to the Estate is GRANTED. The Clerk is directed to terminate the Estate as a party; and

3. Plaintiff's motion for summary judgment and Defendant's motion for summary judgment as to Plaintiff Trustee are DENIED.

DONE AND ORDERED this 20th day of April, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record