# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ESTATE OF DOROTHY PRINCE and PATRICIA
BURGESS, as Trustee of the Prince Family Trust,

    Plaintiffs,

-vs-                                                                       Case No. 8:08-cv-468-T-24-TGW

AETNA LIFE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's motion for reconsideration of the Court's order (Doc. 51) allowing Louise Mandry to replace Patricia Burgess as Plaintiff Trustee in this case. (Doc. 52.) The Trustee is the last remaining Plaintiff in this case. If Ms. Mandry were not allowed to substitute for Ms. Burgess, Defendant would be entitled to summary judgment against Ms. Burgess for lack of standing. Plaintiff opposes Defendant's motion for reconsideration. (Doc. 57.)

## BACKGROUND

Prior to her death, Dorothy Prince was a member of Defendant's health benefit plan ("Plan"). The Plan reimbursed certain health expenses, including "Skilled Home Private Duty Nursing Care." The Plan paid the cost of such care if, among other things, the member required skilled nursing care, the care was necessary rather than for the convenience of the family care-giver, and the care was recommended by the member's physician. Ms. Prince had in-home nursing care prior to her death. Initially, Defendant reimbursed Ms. Prince for the cost of the in-home nursing care. Later, Defendant's reimbursement for the care became inconsistent, and

finally stopped all together. Defendant claimed that this was because the care was custodial and, therefore, not covered under the Plan. After Ms. Prince's death, her estate was responsible for paying the costs of the nursing care. Ms. Prince's estate was unable to cover the costs, and thus, Ms. Prince's Trust was liable for the remainder of the expense.

Patricia Burgess originally brought the present suit as the representative of the Prince Family Estate ("Estate") and as Trustee of the Prince Family Trust ("Trustee"). Plaintiffs, the Estate and Trustee, sought compensation for the cost of skilled nursing care received by Dorothy Prince prior to her death, which they claimed was wrongfully denied by Defendant. Eventually, the Court dismissed the claims brought by the Estate, finding that Patricia Burgess had no standing to sue on the Estate's behalf.

In Defendant's motion for summary judgment, it also claimed that the initial Plaintiff Trustee, Patricia Burgess, did not have standing to sue as Trustee, because of a Pinellas County Circuit Court order removing her and instating Louise Mandry as Trustee. *In re Prince Family Trust*, Case No. 07-004744-ES-003. Plaintiffs acknowledged the removal of Ms. Burgess as Trustee and sought to substitute Ms. Mandry as Plaintiff Trustee in this case. Defendant opposed the substitution, seeking dismissal on standing grounds. The Court granted the substitution, citing Federal Rule of Civil Procedure 25, and denied Defendant's motion for summary judgment against Plaintiff Trustee for lack of standing. Defendant now seeks reconsideration of the Court's ruling, claiming that it was clearly erroneous.

## **STANDARD OF REVIEW**

Reconsideration, or rehearing, is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Int'l Union of Painters v.*

*Argyros*, No. 05-1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007) (citations and quotations omitted). A party seeking rehearing has the burden to "demonstrate why the court should reconsider its prior decision and [must] set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (citations and quotations omitted). To establish a basis for rehearing, Plaintiffs must show either: "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or manifest injustice." *Id.* (citations and quotations omitted).

## DISCUSSION

Florida law acknowledges the liability of a decedent's trust for the expenses of her estate where any portion of that trust is revocable at the time of a decedent's death. Fla. Stat. § 733.607(2). Plaintiff Trustee has submitted evidence in the form of Ms. Prince's Will and an affidavit by Ms. Burgess, that the Trust assumed the nursing care costs after the Estate was unable to satisfy the debt.

Under Federal Rule of Civil Procedure 17, "the real party in interest" must prosecute every action; however, "no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." *Id.* Further, "in case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom interest is transferred to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25.

3

Reading Rules 17 and 25 in conjunction, when a Trustee replaces an original plaintiff as the relevant interest-holder, a Trustee may be substituted as the plaintiff in the case. *See Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1292–93 (11th Cir. 2003) (allowing a bankruptcy Trustee to replace a plaintiff during her appeal from summary judgment in a discrimination suit because, upon her filing of bankruptcy, the discrimination claims became the property of the bankruptcy estate and the Trustee demonstrated a desire to pursue them); *Bickford v. Ponce de Leon Care Center*, 918 F. Supp 377 (M.D. Fla. 1996) (allowing a bankruptcy Trustee to replace the plaintiff in a Title VII suit, pursuant to a motion to substitute, because after filing for bankruptcy, the Trustee was the only party with standing to bring the suit).

Patricia Burgess' interest as Trustee passed to Louise Mandry by order of a state court. Louise Mandry desires to continue the present suit as Trustee. Defendant claims that there is no evidence that Ms. Mandry desires to be substituted for Ms. Burgess in the case, that Ms. Burgess did not have the authority to request that Ms. Mandry succeed her as party to the case, and that the substitution was, therefore, improper. However, Ms. Mandry is represented by counsel in the case, and her counsel has made filings on her behalf. While the styling of the case may have confused the objects of representation, Ms. Mandry's attorney has stated in Ms. Mandry's response in opposition to Defendant's motion to reconsider:

> To the extent that there is any question on this matter, the undersigned here and now confirms that he is in fact representing the Trust and Louise Mandry, the successor Trustee. Mandry is prepared to testify before the court that this is the case, if necessary . . . she did in fact authorize the filing of the Substitution Motion and [] Burgess had the authority to seek the substitution . . . .

Federal Rule of Civil Procedure 17 makes clear that Ms. Mandry was entitled to a reasonable time period to seek the substitution of herself for Ms. Burgess as Plaintiff Trustee,

4

after Defendant raised its objection to Ms. Burgess' standing. Defendant filed its motion for summary judgment, raising its objection to Ms. Burgess' prosecution of the case as Plaintiff Trustee on February 27, 2009. The motion for substitution of Ms. Mandry for Ms. Burgess was filed on March 30th. Ms. Mandry's filing in opposition to Defendant's motion to reconsider was filed on June 4th, clarifying that Ms. Burgess' former counsel was acting on Ms. Mandry's behalf in seeking the substitution. Both of these filings occurred within a reasonable time period after Defendant's objection to Ms. Burgess' standing as Trustee.

Thus, in compliance with Federal Rules of Civil Procedure 17 and 25, as well as Eleventh Circuit and Middle District precedent, the Court finds that substitution of Ms. Mandry for Ms. Burgess was proper. The ruling allowing the substitution of Ms. Mandry for Ms. Burgess as Plaintiff Trustee in this case was, therefore, not in clear error.

## **CONCLUSION**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's motion for reconsideration is DENIED. Louise Mandry has replaced Patricia Burgess as Plaintiff Trustee in this case. In her capacity as Trustee of the Prince Family Estate, Ms. Mandry is the last remaining Plaintiff, and the Clerk is directed to change the style of the case accordingly.

DONE AND ORDERED this 5th day of June, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record